Christian, J.
Two questions afe presented in this-case: 1st — "Whether’ the bond executed by Wm. T. Hendren, sergeant of the city of Norfolk, and his sureties, on the 29th January 1856, is a valid bond; and 2d, if valid, whether the sureties in said bond are equally bound with the sureties in a former bond executed by said Hendren as sergeant, on the 29th June 1854, moneys which came into his hands belonging to the appellees, in December 1855.
Chapter 49, section 2, of the Code 1860, contains the-following provision: ■ “ From every person elected sheriff of any county or corporation, and from every *287 soi’geaut of a corporation who is the collector of taxes assessed therein, the court of such couuty or corporation shall take bond in such penalty as it may deem sufficient; not less than thirty thousand nor more than ninety thousand dollars: provided, that the penalty of the bond of the sheriff of the city of Bichmond shall be not less than five hundred thousand dollars.”
It appears that Wm. T. Hendren was elected sergeant of the city of Norfolk on the 24th June 1854, and on the 29th June 1854 entered into and acknowledged a bond in the penalty of thirty thousand dollars, before the corporation court of said city, with certain securities therein named, conditioned according to law.
On the 26th day of December 1855, the following order was entered in the said Corporation court of the city of Norfolk: It appearing to the satisfaction of the court, that the order made on the 26th instant, directing that all the acting justices of the city be summoned to attend court to-day, for the purpose of examining into the official bond of Wm. T. Hendren, sergeant of this city, for the due and faithful discharge of the duties of his office of sergeant as aforesaid, has been duly executed, a majority of the justices being present, and the matter being duly considered; and the court being of opinion that the bond heretofore given by the said Wm. T. Hendren, as sergeant as aforesaid, was in a sum insufficient, it is ordered, that the said Wm. T. Hendren, sergeant as aforesaid, at the next term of the court, execute a new bond, in the penalty of $60,000, with security for the due and faithful discharge of the duties of his office as sergeant as aforesaid.”
It is insisted by the learned counsel for the appellants, that this action of the Corporation court was without authority of law; and that the Court having before fixed the penalty of the bond at the sum of $30,000, *288 and the sergeant having executed that bond with security as required, the powers of the court were exhausted in that act; and having once exercised its jurisdiction, is functus officio as to that matter: that, therefoie, the second bond executed by Hendren and his securities, in conformity with the above order, is of no validity whatever.
It requires but a slight consideration to see that such a construction of the statute referred to would lead to the most inconvenient and disastrous results. The term of office is three years. Suppose it should happen, as it often may, that after the penalty is fixed and the bond given, there is a material change in the condition of things: the court finds that the public levies have doubled or quadrupled, or that large sums of money are to be raised by executions; and these public levies and other moneys which will come into the hands of the sergeant, exceed in amount the penalty of the bond given : Or, suppose it turns out that the court has been imposed upon and deceived as to the sureties offered by the sergeant, and they prove to be men of straw, that both sergeant and sureties have all become insolvent; yet, according to the theory of the appellants’ counsel the court is powerless to act, because it has exhausted its jurisdiction by taking one bond ; though the penalty be entirely insufficient, or the securities utterly insolvent: and thus the revenues of the corporation must be squandered, the money of creditors lost, and the estates of dead men wasted, because the bond affords no remedy for their protection. A construction fraught with so great mischief, ought not to be given, unless the law speaks a plain and unmistakable mandate. In the absence of prohibitory language in the statute, such a construction ought not to prevail. But there is no such prohibitory language in tbe statute. It declares that the *289 county or corporation court “shall take bond in such penalty as it may deem, sufficient, not less than thirty thousand nor more than ninety thousand.” The only limit on the power of the court is, that the penalty of the bond shall not be more than ninety thousand dollars, nor less than thirty thousand dollars. Between these two amounts any amount which the court may deem sufficient shall be the penalty of the bond. Nor is there anything in this section, or elsewhere, which declares, that this discretion as to the amount within certain limits, shall be exercised only once during the tei-m of office of the sergeant. What might be deemed a sufficient penalty at the commencement of the office might well be deemed insufficient a year afterwards. In this case, on the 29th day of June 1854, the Corporation court of Norfolk deemed, sufficient a bond in the penalty of $30,000. Afterwards, in December 1855, that penalty was deemed insufficient, and a bond in the penalty of $60,000 was required. We must presume that after the lapse of eighteen months there was some reason known to the court, why the penalty should be increased. It was done upon full notice, after summoning all the acting justices of the city, “for the purpose (as expressed in the order) of examining into the official bond of Wm. T. Hendren; and the matter being duly considered, and the court being of opinion that the bond heretofore given by said Wm. T. Hendren as sergeant, &c., was in a sum insufficient, it is ordered, &c.” Now upon what principles of construction can it be maintained, that the fact, that on the 29th June 1854, the court “deemed” the penalty of the bond fixed at $30,000 'sufficient, could restrict the power of the court on the 29th of December 1855, when for satisfactory reasons it “ deemed” that penalty insufficient? I think it is clear, that from the very necessitv of the case, as *290 well as upon a fair and reasonable interpretation of the legislative will expressed in the statute, the court had the authority from time to time, upon proper cause shown, to increase the penalty of the bond to any amount not exceeding $90,000.
The second bond executed by Hendren and his sureties, being a valid bond, under the 2d section, chap. 49, Code 1860,it only remains to enquire which of the sureties are liable for the amount in controversy in this suit; whether the sureties in the first bond or those in the second bond, or both. The court below held that all the sureties in both bonds were equally liable. In this opinion I fully'concur. It is a maxim adopted by courts of equity in regard to co-sureties, that equality is equity among persons standing in the same situation. It is well settled that, if different persons are sureties for the same debt, or for the performance of the same duties, each will be made, in equity, to contribute, though they be bound by different bonds, and though they knew nothing at the time of the obligations of each other. 1 Lead. Cases in Equity, (edition of 1859,) p. 131, Note, and cases there cited. See also Harrison v. Lane, 15 Leigh, 414.
In the case before us, the sureties in each bond are bound for the same obligations, for the performance of the same duties on the part of their principal. The condition of each bond is precisely the same. That condition is, that Wm. T. Hendren, who was duly elected on the 24th day of June 1854 sergeant of the city of Norfolk, “ shall faithfully discharge the duties of his said office.” The breach of duty in this case was his' failure to pay over to the appellees.moneys which came into his hands as such sergeant. Eor this all of his sureties are equally bound. It does not alter the case or change their liability, that the money came into his hands, before the *291 second bond was given. It ivas properly iu his hands ; it was his right and duty to receive it; and he received it about twenty days before the second bond was given. The breach of his obligation was, in not paying it over to the parties entitled to receive it; and it is for this that all of his sureties are alike and equally responsible.
The claim for contribution among co-sureties is founded not upon contract, but upon a principle of natural justice and equity. This principle has been uniformly declared by the courts of England and this country since the leading case of Deering v. Earl of Winchelsea, 1 Cox’s R. 308, decided in 1787 and followed ever since. That case is exactly in point here. Thomas Denny was appointed collector of duties belonging to the customs: and it became necessary, upon his appointment, to enter into bonds to the Crown, with three securities, for the due performance of his office; the same obligation as in the case before us. Three separate bonds were executed with different sureties. One of them to which Sir Edward Denny was security, was put in suit by the Crown, for certain default on the part of Thomas Deering ti e principal, and judgment recovered for £3,883. Sir Edward Denny filed his bill against the Earl of Winchelsea, and Sir John Rand, the sureties in the other two bonds, claiming from them a contribution towards the sum so recovered against him. It was held that where sureties are bound by different instruments, but for the same principal, and the same engagement, they shall contribute. Lord Chief Baron Eyre said “ contribution between co-sureties is bottomed and fixed on general principles of justice, and does not spring from contract.” * * * “It is clear that one surety may compel a contribution from *292 another towards payment of a debt for which they are jointly bound. On what principle? Can it be necessary to resort to the circumstance of a joint bond? What if they are jointly and severally bound? What difference does it make if they are severally bound and by different instruments, but for the same principal, and the same engagement? In all these cases the sureties have a common interest and a common burthen; they are joined by the common end and purpose of their several obligations, as much as if they were joined in one and the same instrument.”
This may be considered as the settled , doctrine of courts of equity.
Nor is the case of Harrison v. Lane, 5 Leigh, 414, cited by the counsel for the appellee, at all in opposition to this view; but expressly affirms the principle I have asserted. The decision in that case, turned upon an endorsement which was made on the second bond limiting the liability of the sureties; and which was considered by the court as a part of the bond itself. Both Judge Cabell and Judge Carr, as well as President Tucker, (all of whom delivered opinions in the case), recognize distinctly the principle laid down in Deering v. Earl of Winehelsea; for they all say, in substance, that in the case before them, if the sureties in the second 'bond were bound for the same thing for which the sureties in the first bond were bound, they would be liable for contribution, although their engagement was made at a subsequent time and by a different instrument.
Upon the whole case I am of opinion that the decree •of the Corporation court of the city of Norfolk should ibe affirmed.
*293 Moncure P., Anderson and Staples Js., concurred iu the opinion of Christian J.
Bouldin J., dissented.
Decree Affirmed.